**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NAKIA BURRELL** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CAUSE NO. _____** |
| | § | |
| **JP MORGAN CHASE** | § | |
| **BANK, NATIONAL** | § | |
| **ASSOCIATION** | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Nakia Burrell, Plaintiff herein and respectfully file this Plaintiff's Original Complaint against Defendant JP Morgan Chase Bank, National Association, and would respectfully show unto the Court the following:

**I.      NATURE OF THE CASE**

1.      This is a lawsuit brought by Plaintiff Nakia Burrell, business invitee, for her very severe physical injuries caused by her fall as a result of a wall collapsing when she leaned against it while waiting to make a deposit at the Chase Bank located at 1320 W. Davis Street, Conroe, Texas 77304.

**II.      PARTIES**

2.      Plaintiff Nakia Burrell (hereinafter referred to as "Plaintiff") is a resident of the state of Texas and resides in Harris County, Houston, Texas.

3.      Defendant JP Morgan Chase Bank, National Association, is a New York corporation authorized to do business in Texas. The Defendant may be served by servings its

1

registered agent for the state of Texas, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## III.   JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum of $75,000.00 and is between citizens of different states.

5.      Venue is proper in the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Conroe, Texas.

## IV.   FACTS

6.      On or about November 2, 2020, the Plaintiff was visiting the Chase Bank located at 1320 W. Davis Street, Conroe, Texas 77304, to make a deposit and pay bills.  As Plaintiff was in line waiting for some time to be helped by a bank teller, another bank employee offered to the customers standing in line, to perform deposits via some type of banking machine.  Plaintiff stepped to the machine to make a deposit, but was unfamiliar with the way the machine functioned, and decided to get back in line to be helped by a live teller.  When Plaintiff was standing in line a second time, she realized there was no social distancing between herself and the person to her right side and to her left side.  Plaintiff began to get nervous and stepped back to lean against a wall and when doing so the wall unexpectedly came down and Plaintiff fell with the wall to the floor.

7.      Plaintiff injured her lower back and continues to receive medical treatment as a result of her fall.

8.      The impact caused Plaintiff to suffer serious bodily injuries.

## V.   CAUSES OF ACTION

9.      Plaintiffs respectfully incorporate by reference all of the factual allegations and assertions made in paragraph IV above as if set out word for word into each of the causes of action set out below.

**A.      <u>Negligence</u>**

10.     On the occasion in question, the Defendant and/or its agents, officers, servants, employees, or representatives had a legal duty to exercise reasonable care to protect business invitees using Defendant's banking facility.  By negligently placing an unstable wall at the bank area used frequently by its customers, by failing to implement an appropriate wall system to the bank area frequently used by its customers, by failing to erect safety signs of an unstable wall, the Defendant breached that legal duty and such breach was a direct and proximate cause of Plaintiff's very severe injuries.

11.     Furthermore, the Defendant was negligent in failing to warn its unsuspecting clients and business invitees of the danger of the unstable wall.  Such failure to warn was a proximate cause of injury to the Plaintiff on the occasion in question.

**B.      <u>Premises Liability</u>**

12.     Plaintiff was a business invitee of the Defendant at the time of the incident.

13.     The unstable wall appeared to be stable and its instability was a latent dangerous condition which the Defendant knew or should have known about.  Accordingly, the Defendant was negligent in failing to warn its business invitees of such latent dangerous conditions.

14.     At the time of this occurrence, the Defendant and/or its agents, officers, servants, employees, or representatives were negligent by placing an unstable wall at the bank area used frequently by its customers, by failing to implement an appropriate wall system to the bank area

frequently used by its customers, by failing to erect safety signs of an unstable wall, resulting in Plaintiff injuring herself.

15.     This dangerous condition created by the Defendant and/or its agents, officers, servants, employees, or representatives, was a proximate cause of the injuries suffered by Plaintiff on the occasion in question.  The Defendant and/or its agents, officers, servants, employees, or representatives knew or reasonably should have known of the dangerous condition caused by the unstable wall.

16.     Therefore, the Defendant and/or its agents, officers, servants, employees, or representatives failed to exercise ordinary care to protect its customers from the danger by either immediately removing the unstable wall, or notifying its customers of the unstable wall.

17.     Defendant and/or its agents, officers, servants, employees, or representatives failed to exercise that degree of care which would have been prudent for an owner and operator of any such banking establishment under the same or similar circumstances and such failure to exercise ordinary prudence was a proximate and producing cause of injuries to the Plaintiff on the occasion in question.

18.     Each and all of the proximate cause defects described in paragraph VI above was a proximate cause of the injuries suffered by Plaintiff, which are described in the "Damages" section below.

## VI.     DAMAGES

19.     Plaintiffs respectfully incorporate all of the factual allegations and assertions in paragraph IV and the causes of action set out in paragraph V as if set out word for word in paragraph VI.

**A.     <u>Actual Damages</u>**

20.     The Plaintiff Nakia Burrell suffered actual damages as a proximate cause of the tortious conduct described above, as follows:

    a.     Physical pain and mental anguish sustained in the past;

    b.     Physical pain and mental anguish that, in reasonable probability, Nakia Burrell will sustain in the future;

    c.     Loss of earning capacity sustained in the past;

    d.     Loss of earning capacity that, in reasonable probability, Nakia Burrell will sustain in the future;

    e.     Disfigurement sustained in the past;

    f.     Disfigurement that, in reasonable probability, Nakia Burrell will sustain in the future;

    g.     Physical impairment sustained in the past.;

    h.     Physical impairment that, in reasonable probability, Nakia Burrell will sustain in the future;

    i.     Medical care expenses incurred in the past; and

    j.     Medical care expenses that, in reasonable probability, Nakia Burrell will incur in the future.

21.     As a result of Defendant's negligence, Plaintiff is entitled to recover the actual damages listed above.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff Nakia Burrell prays for the Court to award the Plaintiff actual damages in an amount sufficient to fairly compensate the Plaintiff as provided by law and for both pre-judgment and post judgment interest, and for court

costs and for such other and further relief as this Honorable Court may deem appropriate under the circumstances.

Date: October 25, 2021                              Respectfully submitted,

**KIRK LAW FIRM, PLLC**

*/s/ Dana G. Kirk*
Dana G. Kirk
Federal ID No. 6111
Texas Bar No. 11507500
440 Louisiana Street, Ste. 2425
Houston, Texas 77002
Telephone: 713/651-0050
Facsimile: 713/651-0051
Kirk@kirklawfirm.com
*Service email: eservice@kirklawfirm.com*

**ATTORNEY FOR PLAINTIFF**
**NAKIA BURRELL**